NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 19-501 (SRC) |
| v. | : | |
| | : | |
| OMAR DOOLITTLE | : | OPINION & ORDER |
| | : | |

**CHESLER**, District Judge

      This matter comes before the Court on the motion by Defendant Omar Doolittle ("Defendant" or "Doolittle") for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). This motion, Doolittle's second for such relief, is grounded on the claim that the coronavirus pandemic and risk of becoming severely ill warrant his release from prison. The United States of America (the "Government") has opposed the motion, arguing, among other things, that (1) Defendant has not met the First Step Act's exhaustion requirement and (2) Defendant has not presented an "extraordinary and compelling" reason for the relief he seeks because he is not in a high-risk covid category, as defined by the Centers for Disease Control and Prevention, and because he has in fact already contracted covid and recovered without complication.

      The Government is correct, and the Court will accordingly dismiss this motion without prejudice for failure to exhaust administrative remedies. In order for a defendant to make a motion for relief under Section 3582(c)(1)(A), he or she must first exhaust administrative remedies. 18 U.S.C. § 3582(c)(1)(A)(i); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Exhaustion under the statute requires one of the following: (1) the defendant inmate must fully

pursue administrative appeal of the BOP's decision not to file a motion on the defendant's behalf or (2) wait until "the lapse of 30 days from the receipt" by the warden of the defendant's facility of the defendant' request that a motion be filed. 18 U.S.C. § 3582(c)(1)(A). The Third Circuit has clearly held that the First Step Act authorizes a court to consider a motion brought directly by the defendant only after the statutory exhaustion requirement is satisfied. Raia, 954 F.3d at 597.

Although Doolittle had pursued and exhausted administrative remedies prior to bringing his first motion for compassionate release, that request was based on wholly different grounds than the motion presently before the Court. Doolittle had previously petitioned the BOP for compassionate release on the basis of his wife's illness and need for a caregiver. Thereafter, he filed a motion on those grounds, which was denied by the Court in an Opinion and Order issued on July 21, 2020. In contrast, the instant motion is based on Doolittle's own health and the contention that exposure to coronavirus in prison poses too great a risk for him to remain incarcerated. There is no indication that Defendant presented this claim to the BOP before seeking relief from the Court. The Court takes the view that bringing a motion on an entirely new and different basis than presented to the BOP for administrative review circumvents the statute's requirement that the BOP first be given a meaningful opportunity to review and consider a defendant's compassionate release request. See, e.g., United States v. Iwai, 2020 WL 6470167, at *3 (D. Hawai'i Nov. 3, 2020). (holding that the defendant's second, successive motion for compassionate release based on changed conditions at the prison facility was denied for lack of exhaustion, reasoning that the Section 3582(c) requires that the BOP first be provided an opportunity to evaluate the request); United States v. Jenkins, 2020 WL 1872568, at *1 (D. Neb.

Apr. 14, 2020) (denying, for failure to exhaust administrative remedies, a motion for reconsideration which raised a new basis for compassionate release, holding that "the Court cannot consider a motion for compassionate release that is based on evidence or arguments that weren't presented to the Bureau of Prisons first."). Thus, Doolittle's first, unrelated administrative claim to the BOP for compassionate release based on family circumstances does not satisfy the statute's exhaustion requirement with respect to this motion. Accordingly, the motion must be dismissed as premature, without prejudice to being re-filed when statutory requirements have been satisfied.

Therefore,

**IT IS** on this 27th day of April 2021,

**ORDERED** that Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [ECF 30] is **DISMISSED WITHOUT PREJUDICE**.

                                                              /s/ Stanley R. Chesler
                                                         STANLEY R. CHESLER
                                              United States District Judge